891 F.2d 299
 13 U.S.P.Q.2d 1991
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
REFAC INTERNATIONAL, LTD., Plaintiff-Appellant,
v.
IBM CORPORATION, NCR Corporation, Docutel Corporation,
Unisys Corporation, Diebold, Incorporated, and
Manufacturers Hanover Trust Company,
Defendants-Appellees.
 No. 89-1127.
 United States Court of Appeals, Federal Circuit.
 Nov. 24, 1989.
Rehearing Denied Jan. 8, 1990.
Suggestion for Rehearing In Banc Declined Mar. 1, 1990.
 
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and BISSELL, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Refac International, Ltd. (Refac) appeals from a summary judgment of the United States District Court for the District of New Jersey, 689 F.Supp. 422, 10 USPQ2d 1755 (1988), holding United States Patent No. 3,612,687 ('687) invalid. We affirm.
 
 OPINION
 
 2
 The '687 patent fails to specify whether "random" in the claims means random with replacement or random without replacement. The inventor admitted that a with replacement system was the best mode of carrying out the invention. Hence the '687 patent is invalid because it does not "set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112 p 1 (1982); Dana Corp. v. IPC Ltd. Partnership, 860 F.2d 415, 418-19, 8 USPQ2d 1692, 1695 (Fed.Cir.1988), cert. denied, 109 S.Ct. 2068 (1989).
 
 
 3
 In view of the plain language of the patent, Dr. Hammer's opinions on inherency and on how one of ordinary skill would read the patent fail to create a genuine issue of material fact. See Chore-Time Equip., Inc. v. Cumberland Corp., 713 F.2d 774, 779, 218 USPQ 676 (Fed.Cir.1983). Nor do we find that the district court erred in denying rehearing or in striking Dr. Hammer's fourth and fifth submissions.